UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL ROBINSON (3),<br><br>Defendant. | NO: 1:16-CR-2023-RMP-3<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION |
|---|---|

BEFORE THE COURT is Defendant Darryl Robinson's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), **ECF No. 262**. The Court has reviewed the motion and the remaining docket. There was no response filed by the Government. The Court is fully informed.

**BACKGROUND**

On September 1, 2016, Defendant pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. ECF No. 164. That offense carried a mandatory minimum of 10 years of

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION ~ 1

imprisonment. 21 U.S.C. § 841(b)(1)(A). As part of the plea agreement, the Government agreed to move to dismiss the remaining counts of the Indictment against Defendant at sentencing. ECF No. 155 at 6.

Defendant was sentenced on March 22, 2017. ECF No. 254. Defendant's Base Offense Level at the time of sentencing was 30. ECF No. 242 at 12. Defendant's offense level was adjusted upward by two levels because a firearm was found in his motel room during the search incident to arrest. ECF No. 242 at 10. In adopting the Presentence Investigation Report, the Court found that Defendant was entitled to a 3-level downward adjustment to his Base Offense Level for acceptance of responsibility. *See* ECF Nos. 242 at 12. These adjustments resulted in a Total Offense Level of 29.

This Court concluded that the range of incarceration for a Total Offense Level of 29, coupled with Defendant's criminal history category of VI, was 151 to 188 months. The Court found that a variance downward from the guideline range was warranted based on the nature and circumstances of the offense and the Defendant's history and characteristics pursuant to 18 U.S.C. § 3553(a)(1). Defendant was sentenced to 120 months incarceration, 5 years of supervised release, a $100.00 special penalty assessment, and no fine. ECF No. 255.

Defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. ECF No. 262.

///

## DISCUSSION

"In general, federal courts lack jurisdiction to 'modify a term of imprisonment once it has been imposed.'" *United States v. Austin*, 676 F.3d 924, 927 (9th Cir. 2012) (quoting § 3582(c)). However, a narrow exception is contained in 18 U.S.C. § 3582(c)(2), which provides that a sentence reduction is appropriate when: "(1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (citing 18 U.S.C. § 3582(c)(2)); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). The policy statement detailed in U.S.S.G. § 1B1.10 identifies the amendments that may be applied retroactively and describes the procedure for implementing the retroactive amendments. U.S.S.G. § 1B1.10(d).

In 2014, the United States Sentencing Commission amended the U.S.S.G. to reduce the recommended penalties for most drug trafficking offenses by lowering, by two levels, the offense levels in the §2D1.1 Drug Quantity Table ("Amendment 782"). The Sentencing Commission established that the Amendment 782 reduction could be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce an otherwise final sentence in light of subsequent amendments to the U.S.S.G.

Defendant Robinson was sentenced to the statutory minimum of 10 years (120 months) incarceration prescribed by the offense statute 21 U.S.C. § 841(b)(1)(A), which was below the U.S.S.G. range applicable to him. *See United States v. Sykes*, 658 F.3d 1140, 1147-48 (9th Cir. 2011) (section 3582(c)(2) does not authorize a district court to deviate from an applicable mandatory statutory minimum sentence). Moreover, even if Mr. Robinson had been sentenced based on the U.S.S.G. range affected by Amendment 782, the Amendment went into effect in 2014, well before Mr. Robinson was convicted and sentenced. Accordingly, the Court has no authority to reduce Mr. Robinson's sentence pursuant to section 3582(c)(2).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, **ECF No. 262**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel, the Defendant, and the United States Probation Office and **close** the file.

DATED July 11, 2017.

                *s/Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
                United States District Judge