FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DARRYL ROBINSON (3),<br><br>  Defendants. | NO: 1:16-CR-2023-RMP-3<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>**U.S. Marshal Action Required** |

BEFORE THE COURT is a Motion for Compassionate Release under 18 U.S.C. § 3582(c) from Defendant Darryl Robinson. Having reviewed Mr. Robinson's *pro se* motion, ECF No. 283, the Government's response, ECF No. 291, Mr. Robinson's reply, ECF No. 298, Mr. Robinson's supplement containing oral argument presentation, ECF No. 302, Mr. Robinson's supplement regarding mandatory minimums, ECF No. 303, the Government's supplemental brief, ECF No. 304, Mr. Robinson's sur-reply, ECF No. 307, and Mr. Robinson's letter, ECF No. 308, the Court is fully informed.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 1

# BACKGROUND

On March 24, 2017, Mr. Robinson pleaded guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846. The Court sentenced Mr. Robinson to 120 months of imprisonment, the statutory mandatory minimum sentence, followed by three years of supervised release. ECF No. 255. Mr. Robinson currently is incarcerated at Federal Correctional Institution—Phoenix ("FCI-Phoenix"). The BOP Inmate Locator projects that he will be released on October 14, 2024. *See* bop.gov/inmateloc/ (last visited June 3, 2020).

Mr. Robinson requested compassionate release from the United States Bureau of Prisons ("BOP") on April 1, 2020. ECF No. 291-1. The Health Services Administrator at FCI Phoenix rejected Mr. Robinson's request determining that Mr. Robinson did not meet the criteria for a "'Debilitated Medical Condition.'" ECF No. 291-3 at 1. Mr. Robinson then requested compassionate release from the warden of FCI Phoenix, but was rejected because the warden found that: "A review of your recent medical case summary reflects you are 'capable of performing activities of daily living and are not confined to a bed or chair or only capable of limited self-care and confined to a bed or chair more than 50% of waking hours.'" ECF No. 291-2 at 1. Mr. Robinson subsequently filed his request with this Court. ECF No. 283.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 2

The Government opposes Mr. Robinson's motion, but does not dispute that Mr. Robinson's health records reflect that he is 57 years old and has received treatment for hypertension, bronchitis, asthma, depression, hypothyroidism, hyperlipidemia, neck pain, shoulder pain, arthritis, osteoporosis, and bipolar disorder.  ECF No. 291 at 2.  Mr. Robinson also is prescribed an albuterol inhaler for asthma, which Defendant reports using about five times per week.  *Id.*  Evidence indicates that BOP medical staff have concern that Mr. Robinson suffers from chronic obstructive pulmonary disorder.  ECF No 298 at 8.  In addition to his serious medical conditions, Mr. Robinson has served over five years of the mandatory ten-year sentence that he received.  ECF No. 283 at 9.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered.  That provision offers no relief to Mr. Robinson.  However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 3

compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>   (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>       that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances—
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). Following enactment of the First Step

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 4

Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

Mr. Robinson has filed a motion asking this Court to order that the remaining portion of his sentence be served on home confinement, arguing that he faces a heightened risk of serious impact, or death, from being incarcerated during the COVID-19 pandemic, because of his serious health conditions. Mr. Robinson argues, alternatively, that this Court has the authority to grant early release based in part on the excessive sentence that he received in 2017 due to the applicable mandatory minimum.

The Government opposes Mr. Robinson's motion by arguing that Mr. Robinson continues to pose a danger to society, and that his medical conditions are not so severe to qualify for compassionate release as listed in USSG § 1B1.13. ECF No. 291 at 15−16. The Government further argues that the BOP is taking precautions to protect prisoners from COVID-19, and that Mr. Robinson's proposed

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 5

release location, Yakima, Washington, has a much higher incidence of COVID-19 cases than FCI-Phoenix.  ECF No. 291 at 14.

As evidence of Mr. Robinson's continued risk, the Government notes that Mr. Robinson was disciplined by the BOP for attempting to introduce narcotics into a BOP facility in 2017.  ECF No. 291 at 2.  The Government relies on a policy statement by the U.S. Sentencing Commission regarding 18 U.S.C. §§ 3582(c)(1)(A) and 3142(g) as authority for the argument that Mr. Robinson does not qualify for compassionate release because his condition does not meet the "extraordinary and compelling reasons" supporting a sentence reduction.  ECF No. 291 at 10−15.

The Government argues that the U.S. Sentencing Commission provides an exclusive list of "extraordinary and compelling reasons" in USSG § 1B1.13.  ECF No. 304 at 2.  The Government further contends that the Court is bound by the mandatory minimum sentence in this case regardless of a basis for compassionate release.  *Id.* at 6−7.  The Government argues that the Court is restrained from broadening the categories for compassionate release, regardless of the First Step Act. ECF No. 291 at 15.

Mr. Robinson argues that the list provided in the USSG policy statement are exemplary, and not exhaustive of "extraordinary and compelling reasons" justifying compassionate release.  ECF No. 298 at 11.  Defendant contends that the USSC provided a "catch-all provision" for extraordinary and compelling reasons for compassionate release.  *Id.*  Mr. Robinson also argues that Congress intended 18

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 6

U.S.C. § 3582 to serve as a "safety valve" for a court to counterbalance a prosecutor's charging discretion involving mandatory minimums. ECF No. 303 at 1.

Both parties agree that the Court should consider the factors under 18 U.S.C. § 3553 as well as 18 U.S.C. § 3582 and USSG § 1B1.13 in determining whether Mr. Robinson should be granted compassionate release.

Mr. Robinson has significant criminal history. However, the nature of the criminal offenses largely focus on controlled substance abuse, and related trafficking issues. Although Mr. Robinson was disciplined in 2017 by the BOP for an attempt to bring narcotics into a BOP facility, defense counsel has provided evidence of mitigating circumstances surrounding that event. ECF No. 298. Furthermore, evidence supports that Mr. Robinson has participated in pro-active programs during his incarceration at BOP to change his behavior once he is released. ECF No. 298-1; 298 at 5.

Mr. Robinson has submitted evidence that includes a detailed release plan once his motion is granted. ECF No. 295. This detailed plan is supported by his wife, Valerie Robinson, and includes support by his family, a stable residence, continued mental health and substance abuse treatment, as well as potential employment. ECF No. 295. Added to his advanced age, the threat of being returned to incarceration during a pandemic, and his availability of treatment options, the Court finds that Mr. Robinson does not present a danger to the safety of the community or of any other person if he is released. The Court also finds that Mr.

Robinson's detailed release plan and current rehabilitation efforts will act as a deterrence to future criminal conduct that will protect the public from further crimes by the defendant.  *See* 18 U.S.C. § 3553.

Although the Government argues that the Court cannot rely on 18 U.S.C. § 3582 as a basis to circumvent the excessive mandatory minimum sentence imposed on Mr. Robinson, there is no argument that Mr. Robinson's release should hinge on the excessiveness of the sentence alone.  Rather, Mr. Robinson has pursued compassionate release on the basis of his serious health concerns during the ongoing COVID-19 pandemic, especially hypertension, bronchitis, and asthma, which are all known factors for adverse reaction to COVID-19; his personal attempts at rehabilitation; his substantial family and community support; his detailed release plan; and his past efforts at rehabilitation.  Mr. Robinson argues as one factor that an excessive mandatory minimum sentence applied to his case.

As noted previously, Mr. Robinson is 57 years old and has served over half of his ten-year sentence.  He has serious health concerns that place him at heightened risk for death or severe illness from COVID-19.  Mr. Robinson has worked to improve his opportunities for a successful life post-incarceration and has in place a detailed release plan that includes employment, mental health treatment, as well as substance abuse treatment.

The Court finds that Mr. Robinson qualifies for compassionate release because his physical ailments, his rehabilitation, and the current COVID-19 pandemic constitute

"extraordinary and compelling reasons" that warrant such a reduction, and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). Further, the Court finds that a time-served sentence is "sufficient but no greater than necessary" to comply with the purposes set forth by Congress and the USSC.

Accordingly, Defendant's Motion for Compassionate Release, **ECF No. 283**, is **GRANTED**. The Court **reduces** Mr. Robinson's term of imprisonment to time served, and Mr. Robinson shall be released immediately from the custody of the Bureau of Prisons. The Court **modifies** Mr. Robinson's conditions of supervised release to include six months of home confinement. All other conditions of supervised release shall remain in effect. *See* ECF No. 255.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 27, 2020.

　　　　　　　　　　　　　　　　*s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　　　United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE~ 9