FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL ROBINSON (3),<br><br>Defendant. | NO: 1:16-CR-2023-RMP-3<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT, without oral argument, is Defendant Darryl Robinson's Motion for Reconsideration, ECF No. 404. Having reviewed the motion, the record, and relevant law, the Court is fully informed.[1]

Mr. Robinson previously filed a motion for a sentence modification, requesting that he be allowed to serve the remainder of his sentence under home confinement due to his recent COVID-19 diagnosis. ECF No. 401. Defendant submitted several

---

[1] Pursuant to the Local Criminal Rules, "[n]o response to a motion for reconsideration shall be filed unless requested by the court." LCrR 12(c)(5). The Court did not request that the Government file a response in this matter.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

exhibits along with his motion, including a positive COVID-19 test dated January 20, 2022, and medical chart notes from June 8, 2021, listing Defendant's diagnoses for diarrhea and abdominal pain. ECF Nos. 401-1, 401-3. The Court denied Defendant's motion, noting, in part, that Defendant's "successful recovery from COVID-19 after June 2021 does not support the need for his immediate release to home confinement in February 2022." ECF No. 401 at 4–5. Defendant now argues that the Court mischaracterized the evidence that he submitted, and he asserts that he "was never infected with COVID prior to January 2022." ECF No. 404 at 2. He requests that the Court "reconsider his motion and rule on it with a complete and accurate understanding of the facts set forth" in the record. *Id.* at 3.

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. *United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). However, a "district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'" *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quoting *United States v. Raddatz*, 447 U.S. 667, 678 n.6, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

1    A motion for reconsideration should not be granted "unless the district court is
2    presented with newly discovered evidence, committed clear error, or if there is an
3    intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179
4    F.3d 656, 665 (9th Cir. 1999); *see also* LCrR 12(c)(5) ("Motions for reconsideration
5    are disfavored" and a court "will ordinarily deny such motions in the absence of a
6    showing of manifest error in the prior ruling or a showing of new facts . . . which
7    could not have been brought to its attention earlier with reasonable diligence.").

8    In this case, the Court concedes its error in stating that Defendant's previously
9    submitted exhibits indicated that he had COVID-19 in June 2021, specifically. *See*
10   ECF No. 403 at 4.  The medical documentation supports diagnoses only for diarrhea
11   and abdominal pain.  ECF No. 401-3 at 2.  However, in reviewing the record, the
12   Court notes that Defendant previously stated at his August 3, 2021 supervised
13   release revocation hearing that he had twice before been diagnosed with COVID-19.
14   *See* ECF No. 405 at 2 (In addressing Defendant, the Court states the following: "I
15   understand that at some point, though, you did get COVID while you were
16   incarcerated; is that correct?" and Defendant responds, "Yes.  And I got it – I got it
17   another time at home").  Accordingly, Defendant's instant assertion that he never
18   had COVID-19 prior to January 2022 is inconsistent with his prior statements made
19   to the Court.  To the extent that the Court committed an error in associating
20   Defendant's June 2021 medical documents with a prior COVID-19 diagnosis, such
21   error does not rise to the level of manifest error discussed in the local criminal rules.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

Regardless, the Court stands by its Order Denying Defendant's Motion for Sentence Reduction based on the relevant factors under 18 U.S.C. § 3553(a). Defendant's history and characteristics show that he has repeatedly violated the Court's Orders and presented inconsistent or misleading evidence. *See* 18 U.S.C. § 3553(a)(1). Defendant's sentence promotes respect for the law and provides just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Lastly, Defendant has not presented new factual evidence to support his prior assertion that he "has experienced significant [COVID] symptoms." ECF No. 401 at 1.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, **ECF No. 404**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 9, 2022.

                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    Senior United States District Judge